Entered: February 10th, 2023
Signed: February 10th, 2023

**SO ORDERED**

FOR THE REASONS STATED ON THE RECORD AT THE PRE-
TRIAL CONFERENCE HELD ON JANUARY 31, 2023.



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | |
|---|---|
| In re: | |
| ANDREW BRADY GREEN, | CASE NO. 21-16078-NVA |
| Debtor. | CHAPTER 7 |
| RAE ELLEN SCHOENBERG, | |
| Plaintiff, | |
| v. | ADVERSARY NO. 21-00231 |
| ANDREW BRADY GREEN, | |
| Defendant. | |

## MEMORANDUM ORDER

This adversary proceeding came before the Court for a pre-trial conference. The Complaint

states a claim for relief under Section 523(a)(6) of the Bankruptcy Code,[1] which provides that a

"discharge under section 727 … does not discharge an individual from any debt …  for willful and

malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. §

523(a)(6).  The Complaint contains of allegations about assault and battery, personal injury, and

---

[1] The Complaint is titled *Adversary Complaint to Determine Dischargeability of Debt and Objection to Debtor's Discharge.*  Compl. [ECF No. 1].  As discussed *infra*, the Complaint does not actually assert an objection to discharge.

medical damages and a pending, but stayed, lawsuit in the District Court of Maryland for Washington County (the "State Court Action").

At the pre-trial conference held on January 31, 2023 and attended by both parties and their respective counsel, concerns about jurisdiction, the type of relief sought in the Complaint, and the procedural posture of this proceeding were raised and discussed.  The following conclusions were reached by the Court and/or agreed to by the parties:

1)  The Complaint alleges a personal injury tort claim.

2)  Though titled to suggest that both a dischargeability determination and an objection to discharge are sought, the Complaint seeks only a dischargeability determination and requires amendment for clarification.

3)  The Court lacks jurisdiction to adjudicate the merits of a personal injury tort claim under 28 U.S.C. § 157(b)(5).[2]

4)  The Court cannot make a dischargeability determination before the merits of the personal injury tort claim are adjudicated.

5)  The Court will abstain from adjudicating the merits of the personal injury tort claim and stay this adversary proceeding.

6)  The parties will adjudicate the merits of the personal injury tort claim in the State Court Action.

7)  The parties may resume this adversary proceeding, after a final adjudicating on the merits of the personal injury tort claim in the State Court Action, to litigate the dischargeability determination.

---

[2] "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."  28 U.S.C. § 157(b)(5).

Accordingly, for the foregoing reasons, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Court will ABSTAIN from adjudicating the merits of the personal injury tort claim asserted in the Complaint; and it is further,

ORDERED, that this adversary proceeding is otherwise STAYED; and it is further,

ORDERED, that the automatic stay is lifted for the sole purpose of permitting the parties in this adversary proceeding to litigate the merits of the personal injury tort claim to judgment; and it is further,

ORDERED, that the parties shall file a joint status report on the status of the State Court Action every sixty (60) days; and it is further,

ORDERED, that if the parties return here to litigate the dischargeability determination, the Complaint shall be amended to remove all references to an objection to discharge; and it is further,

ORDERED, that no other deadlines in this adversary proceeding are modified by this Order; and it is further,

ORDERED, that the trial scheduled for February 10, 2023 is cancelled.


cc:   Plaintiff's Counsel
      Defendant's Counsel

**END OF MEMORANDUM ORDER**